```
EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA  1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
Mike.Kawahara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-0300JMS-03 |
|  | ) |  |
| Plaintiff, | ) | MEMORANDUM IN OPPOSITION TO |
|  | ) | DEFENDANT NEWTON'S MOTION TO |
| VS. | ) | WITHDRAW GUILTY PLEA |
|  | ) |  |
| LEANDRO GOMEZ, III, also (01) | ) |  |
|  known as "Leo", | ) |  |
| NATHANIEL RUSSELL, also  (02) | ) |  |
|  known as "Bobo" or "Bo", | ) |  |
| PAMELA MAHEALANI NEWTON, (03) | ) |  |
| JOHN CORNIEL, JR., (04) | ) |  |
| CYRINAH L. AKEN, also (05) | ) |  |
|  known as "Cyrinah L. | ) |  |
|  Solomon", | ) |  |
| CHARLES R.K. FARREN, (06) | ) |  |
| REED KALEOOKALANI AKEN, (07) | ) | Sentencing date:05/11/07 at |
|  SENIOR, | ) |  1:30 p.m., before the Hon. |
| ROGER MANU BATES, also (08) | ) | J. Michael Seabright, U.S. |
|  known as "Manu", | ) | District Judge |
| TIMOTHY JAMES SULLIVAN, (09) | ) |  |
|  also known as "Tim", | ) |  |
| GILBERT GOMEZ, also (10) | ) |  |
|  known as "Glen", | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

**MEMORANDUM IN OPPOSITION TO DEFENDANT
NEWTON'S MOTION TO WITHDRAW GUILTY PLEA**

The United States hereby opposes defendant Newton's untimely motion to withdraw her guilty plea.

As this Court is well-aware, the methamphetamine trafficking crimes alleged herein occurred in 2005, or about two years ago. In addition to defendant Newton, nine (9) other co-defendants were also charged. Newton pled guilty to the conspiracy offense pursuant to a written memorandum of plea agreement on January 25, 2006, nearly a year and a half ago (NOTE: at that time, Newton's sentencing was set for 9/11/06).

During that ensuing, almost 1½ year period since the entry of her plea, the following relevant events have transpired:

-First, the Probation Office issued its Draft Presentence Report for Newton in July 2006, and she has been fully aware of the Guideline calculations and the advisory Guideline sentencing range recommended by the Probation Office since that time (TOL 37, Criminal History Category I, 210 - 262 months).

-Second, on August 22, 2006, the United States filed seven "substantial assistance" departure motions for seven defendants herein, one of them being Newton. In Newton's motion, the United States recommended a departure downward to TOL 35 (168 - 210 months). On this same date (August 22, 2006), too, the United States also faxed to all defense counsel its letter setting forth its sentencing recommendations for all defendants;

this court had requested such a letter be sent to all parties so as to avoid unnecessary sentencing disparity issues. Consequently, as of this date, in addition to knowing the Probation Office's recommendations, Newton was also fully cognizant of the United States' sentencing theory and contentions.  Not surprisingly, after learning that the Probation Office and prosecution's positions on sentencing were not to her liking, Newton sought the appointment of new counsel the very next day, August 23, 2007.  As indicated in the written motion for appointment of new counsel: "Defendant Newton requests new counsel on the ground that she lacks confidence in undersigned counsel's advice and representation".

-<u>Third</u>, eight of Newton's co-defendants have already been sentenced and are now serving their imprisonment terms, with only Newton and her spouse, co-defendant Nathaniel Russell, still remaining to be sentenced.[1]  Consequently, Newton is presently well-aware of the range of sentences for her co-defendants which this Court has actually meted out, which given the considerable amount of methamphetamine involved and the sophistication and magnitude of the trafficking operation (including Maui and Las Vegas), have been fairly substantial.

---

[1] Russell's sentencing is currently set for May 10, 2007.

-<u>Lastly</u>, on May 7, 2007-- only four days prior to her sentencing hearing-- Newton has for the first time moved to withdraw her guilty plea.

It would appear that given the history of this case, as described above, Newton may have misgivings about her potential sentence and she now realizes that it may be more severe than she originally contemplated when she pled guilty. However, Federal case law indicates that such a sentencing anxiety or concern does not constitute a "fair and just reason" to authorize the pre-sentence withdrawal of her plea within the meaning of F.R.Cr.P. 11(d)(2)(B). <u>United States v. Nostatis</u>, 321 F.3d 1206 (9th Cir. 2003), is a good case illustrating this principle. Like Newton herein, the defendant in <u>Nostatis</u> had pled guilty to methamphetamine trafficking offenses pursuant to a plea agreement. Defense counsel thereafter withdrew and new counsel was appointed. The presentence report was subsequently published, which calculated his sentencing range at 135 - 168 months. Pursuant to the plea agreement, the prosecution thereafter moved for a two-level downward departure based upon his substantial assistance. On the day of his sentencing, defendant moved to withdraw his guilty plea, which the District Court denied and sentenced him to 135 months. Approximately two years had elapsed between the time he originally pled guilty and he moved to withdraw that plea. On appeal, the Ninth Circuit

found that the District Court did not abuse its discretion in denying the withdrawal motion, stating that:

> the district court found that Nostratis moved to withdraw his plea because he was upset with his likely sentence. A defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected. See Alber, 56 F.3d at 111 (upholding denial of a plea withdrawal motion where the defendant 'moved to withdraw his plea only after he realized that he was going to receive a heavier sentence than he expected'); Shah, 878 F.2d at 1162 ('Not do we believe that fear of receiving a harsh sentence, standing alone, constitutes a 'fair and just' reason to withdraw a plea(.)'). Defendants cannot plead guilty to 'test the weight of potential punishment' and then withdraw their plea if the sentence is 'unexpectedly severe'. United States v. Ramos, 923 F.2d 1346, 1359 (9th Cir. 1991), overruled on other grounds by Ruiz, 257 F.3d at 1032.

321 F.3d at 1211.

In an effort to distinguish case law represented by Nostatis, Newton asserts in her supporting memorandum that the report of her expert, Dr. Acklin (hereinafter "Acklin report"), is an "intervening circumstance" which authorizes her last-minute filing of her withdrawal motion and give grounds to set aside her guilty plea. Given the manner in which Newton contends she will be using the Acklin report, we submit that this will hardly be the case.

Newton's eighteen page supporting memorandum attempts to demonstrate the relevance of the Acklin report to Guideline sentencing issues only. No where in this supporting memorandum is there any indication as to how the Acklin report would raise any trial defense or otherwise assist her in any way to contest

the criminal charges against her, should she be permitted to withdraw her guilty plea.  In point of fact, Newton stated just the opposite on the last page of her supporting memorandum: "Although Dr. Acklin's findings may present a meritorious defense previously unknown to Defendant, she does not desire to proceed to trial, but to be sentenced in circumstances where her 'History and Characteristics' are fully and fairly considered".  In other words, Newton's motion to withdraw her guilty plea has nothing whatsoever to do with preserving her right to go to trial on the charges against her, but is instead merely an attempt to improve her sentencing posture.  This, however, is not the purpose of plea withdrawal.  As the Eighth Circuit aptly noted in <u>United States v. Vazquez-Garcia</u>, 340 F.3d 632, 639 (8th Cir. 2003), "a defendant who was permitted to withdraw his guilty plea 'must accept the [sentencing] consequences of his request'" (in this case, the defendant who had withdrawn his guilty plea was later sentenced more severely than would have been provided-for under the plea agreement).

As the Supreme Court has noted in <u>United States v. Hyde</u>, 117 S.Ct 1630, 1634 (1997), there is a high degree of solemnity associated with the defendant's entry, and the District Court's acceptance of, a guilty plea in accordance with F.R.Cr.P. 11.  On one hand, the defendant must swear in open court that he/she actually committed the crimes, he/she must affirmatively state

that he/she is pleading guilty because he/she actually is guilty, and on the other hand, the District Court must affirmatively find that there is a factual basis to support the plea and formally make an adjudication accepting the plea and determining that the defendant is duly convicted. As the commentary to the 1983 amendments to F.R.Cr.P. 32[2] indicate:

> '<u>Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury</u>, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty is no such trifle, but 'a grave and solemn act' which is 'accepted only with care and discernment''.
>
> [emphasis added]

The purpose of allowing a guilty plea to be withdrawn is to permit that defendant to re-enter a "not guilty" plea and to proceed to trial. For this reason, many Federal courts have held that "[w]hether the movant has asserted his legal innocence is an important factor to be weighed [citations omitted], as well as why the defenses were not put forward at the time of original pleading". Commentary to 1983 amendments to F.R.Cr.P. 32. While the Ninth Circuit has lessened the "claim of innocence" requirement to include the strategic and tactical presentations of certain trial defenses, <u>see</u> <u>United States v. Garcia</u>, 401 F.3d 1008 (9th Cir. 2005), the reason tendered for the plea withdrawal

---

[2] The plea withdrawal provisions were previously contained in F.R.Cr.P. 32.

must still relate to resurrecting the defendant's ability to contest the criminal charges and <u>not</u> merely sentencing considerations.³

//

//

//

//

---

³ In <u>Garcia</u>, the defendant had originally entered an <u>Alford</u> guilty plea to possession of methamphetamine and firearms which had been recovered from a house.  In subsequently seeking the withdrawal of his plea, the defendant claimed that he had just newly discovered a witness who would testify that defendant was merely a visitor who never lived at this house and that the firearms belonged to someone else.  As pointed out by the Ninth Circuit, "[this proffered testimony] raised new questions about Garcia's involvement in the illegal activity at the house". 401 F.3d at 1011.  In finding that Garcia should have been permitted to withdraw his plea, the Ninth Circuit said:

> [t]hough many legitimate reasons for withdrawal relate to a defendant's legal or factual innocence, some defendants may have valid reasons for withdrawal that have nothing to do with innocence.  For example, newly discovered evidence might bolster a defendant's defense, partial defense, or other mitigating circumstance; these are perfectly legitimate reasons to withdraw a plea, regardless of whether the defendant had asserted his innocence. <u>See</u>, <u>e.g.</u>, <u>Morgan</u>, 567 F.2d at 493 (holding that the district court abused its discretion when it refused to allow a defendant to withdraw his guilty plea under the 'fair and just reason' standard on the basis of new evidence bolstering an insanity defense). Therefore, even assuming the district court's characterization of Garcia's plea colloquy is correct, the court should have not held against him his failure to assert his innocence.

> 401 F.3d at 1013.

We therefore submit that the justification tendered by Newton would not permit the withdrawal of her guilty plea, because it is not a "fair and just reason", and her motion should be denied.

DATED:  Honolulu, Hawaii, May 9, 2007.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>
>By /s/ Michael K. Kawahara
>   MICHAEL K. KAWAHARA
>   Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served Electronically through CM/ECF:

Mr. Glenn D. Choy     choyhawaii@hawaiiantel.net     May 9, 2007

    Attorney for Defendant
    Pamela Mahealani Newton


                                        /s/ Rowena N. Kang