IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00300-03 JMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | WITHDRAW GUILTY PLEA |
| PAMELA MAHEALANI | ) | |
| NEWTON,           (03) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA**

**I. INTRODUCTION**

Defendant Pamela Mahealani Newton ("Newton") entered a guilty plea to a drug conspiracy charge on January 25, 2006. She now seeks, on the week of her sentencing, to withdraw from that guilty plea, claiming that since entering her plea of guilty she has been diagnosed with posttraumatic stress disorder, battered spouse syndrome, and Stockholm syndrome. After reviewing the motion, the supporting and opposing memoranda, and the arguments of counsel, the court DENIES the motion to withdraw the guilty plea.[1]

---

[1] A hearing was held on this matter on May 11, 2007. Neither party presented any

(continued...)

## II.  BACKGROUND

On July 28, 2005, Newton was charged, along with her husband Nathaniel Russell and eight others, in a four-count superseding indictment with conspiracy to knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count 1) and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (counts 2, 3 and 4).

Pursuant to a plea agreement, defendant entered a plea of guilty to count 1 of the superseding indictment on January 25, 2006.  In return for her plea of guilty to count 1, the United States agreed to dismiss counts 2, 3 and 4 of the superseding indictment at the time of sentencing.

In the written Memorandum of Plea Agreement, defendant stipulated to the quantity of methamphetamine involved in the conspiracy.  Based on the amount of methamphetamine involved, the parties stipulated that Newton's base offense level under the sentencing guidelines is 38.  Further, the parties stipulated that Newton "is an organizer, leader, manager, or supervisor in a criminal activity

---

[1](...continued)
evidence at the hearing.

within the meaning of Guideline 3B1.1(c), for which a two-level increase must be assessed." Memorandum of Plea Agreement ¶ 10(b)(2). The Presentence Investigation Report ("PSIR") applies this two-level adjustment, finding that Newton made arrangements for drug couriers to fly from Honolulu to Las Vegas with drug proceeds and return to Honolulu with methamphetamine. The PSIR also reflects that Newton directed co-defendants in the ordering and delivering of methamphetamine.[2]

After entering her plea of guilty but prior to sentencing, Newton was examined by Honolulu Forensic Psychologist Marvin A. Acklin. In a report dated April 30, 2007, Dr. Acklin opined that Newton's "criminal behavior occurred in a context where she has experienced extreme physical and psychological abuse and coercive control" at the hands of her husband and co-defendant, Nathaniel Russell. Dr. Acklin concluded that Newton suffers from posttraumatic stress disorder, battered spouse syndrome, and Stockholm syndrome.

### III. ANALYSIS

Newton now moves to withdraw from her plea of guilty, claiming that Dr. Acklin's conclusion "calls into question whether Defendant should suffer the

---

[2] The application of a role in the offense adjustment disqualifies Newton from "Safety Valve" relief pursuant to Guideline § 5C1.2.

penalty at sentencing of an enhanced role and corresponding denial of Safety Valve consideration, when said role was thrust on Defendant at the cost of her very survival." Motion to Withdraw Guilty Plea at 14. The court finds that Newton has failed to meet her burden justifying withdrawal of her plea of guilty.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw from a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Although the burden is on the defendant to demonstrate a fair and just reason to withdraw from the plea, this standard is to be applied liberally. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). The defendant need not show that the plea itself was invalid in order to prevail. *Id.* at 806.

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). A defendant upset with an unexpectedly severe sentence cannot succeed on a Rule 11(d)(2)(B) motion. *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003). Thus, a mere change of heart about the decision to plead guilty is

4

not a "fair and just reason." *United States v. Chong*, 167 F. Supp. 2d 1160, 1163 (D. Haw. 2001).[3]

Newton does not challenge the Rule 11 proceeding or the state of the evidence regarding her guilt[4]. Instead, she claims that Dr. Acklin's conclusions constitute an intervening circumstance making "it unfair that she be forced to adhere to the terms of the Plea Agreement, that was not entered into in full contemplation of relevant circumstances as to Defendant's 'history and characteristics,' which 18 U.S.C. § 3553(a) dictate that the sentencing Court consider." Motion to Withdraw Guilty Plea at 21.

Newton's motion is flawed. Under Ninth Circuit law, intervening circumstances can satisfy the "fair and just" standard only if those circumstances "did not exist when the defendant entered his plea." Here, Newton's condition, as explained by Dr. Acklin, was a circumstance in existence at the time of her plea. In fact, much of the information relied on by Dr. Acklin came from Newton herself; she was fully aware at the time of her plea (assuming her facts are

---

[3] The Ninth Circuit has recently clarified that the failure to assert a claim of factual innocence should not count against a defendant seeking to withdraw a plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005).

[4] In fact, she claims that if permitted to withdraw from the Memorandum of Plea Agreement, she will again enter a plea of guilty (presumably without a plea agreement).

accurate) of the history of physical and emotional abuse by Mr. Russell. Although the exact diagnosis was not made until after Newton entered her plea of guilty, the facts supporting that diagnosis were well known to her. In short, there is no *intervening* circumstance that could justify the withdrawal of a plea.

Further, even if Dr. Acklin's report did establish an intervening circumstance, Newton has failed to establish any nexus between Dr. Acklin's report and her agreement to a two-level adjustment for role in the offense. Guideline § 3B1.1 provides for the following offense level adjustments:

> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
>
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Newton stipulated in her plea agreement that she was an organizer, leader, manager, or supervisor under Guideline § 3B1.1(c). In determining this adjustment, a court examines:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the

6

>     recruitment of accomplices, the claimed right to a larger
>     share of the fruits of the crime, the degree of
>     participation in planning or organizing the offense, the
>     nature and scope of the illegal activity, and the degree of
>     control and authority exercised over others.

Guideline § 3B1.1, application note 4; *see also United States v. Panaro*, 266 F.3d 939 (9th Cir. 2001). In other words, the application of this enhancement is dependent on the actual conduct of a defendant, not the defendant's state of mind. In short, Newton's psychological impairment is not relevant to whether she played an aggravating role in the offense. Put another way, even assuming the accuracy of Dr. Acklin's report, his findings would not undermine the PSIR's conclusion that Newton played an aggravating role in the conspiracy.[5]

        Newton has failed to raise a valid ground to withdraw her plea. Instead, she sets forth facts that, if true, are relevant to the court's consideration at sentencing pursuant to 18 U.S.C. § 3553(a). As such, she has failed to establish a fair and just reason to withdraw from her plea of guilty.

---

[5] Newton has not objected to the facts set forth in the PSIR establishing that she: 1) told John Corneil, Jr. ("Corneil") to collect a drug debt from Roger Manu Bates and take that money to Cyrinah Aken's house; 2) arranged with Corneil to have Leandro Gomez ship methamphetamine to Hawaii; 3) admonished Corneil for having methamphetamine shipped to Hawaii too close to the weekend; 4) sent a courier to Las Vegas with $38,000 to purchase methamphetamine and body-carry it back to Hawaii; 5) and arranged to have methamphetamine delivered to her cousin's house in Hawaii.

## IV. **CONCLUSION**

For the reasons stated above, Newton's motion to withdraw from her plea of guilty is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 14, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Newton*, Criminal No. 05-00300-03 JMS; Order Denying Defendant's Motion to Withdraw Guilty Plea